UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| AJ Construction LLC,<br><br>                    Plaintiff<br><br> v.<br><br>Next Insurance US Company, et al,<br><br>                    Defendants | Case No. 2:23-cv-01722-CDS-BNW<br><br>**Order Denying Plaintiff's Motion to Remand and Defendant's Request for Leave to File**<br><br>[ECF Nos. 11, 16] |

      This is an insurance dispute. In September 2023, plaintiff AJ Construction LLC filed a complaint against defendants Next Insurance US Company, The Jacobson Agency, and several doe corporations in the Second Judicial District Court in Washoe County. ECF No. 1-1. In October 2023, Next Insurance filed a petition for removal pursuant to 28 U.S.C. § 1441 under diversity jurisdiction. ECF No. 1. In November 2023, AJ filed a motion to remand this action, arguing that defendants failed to show that amount in controversy exceeds $75,000. ECF No. 11. Next Insurance filed an opposition, which Jacobson joined, and AJ filed a reply. ECF Nos. 13; 14; 15. In December 2023, Next Insurance moved for leave to file additional briefing on the issue of remand in light of AJ's initial disclosures, which represented that AJ was seeking damages of "$400,000 pursuant to the terms of the policy" as well as additional breach of duty of good faith and fair dealing damages and punitive damages. ECF No. 16 (citing Initial Disclosures, Def.'s Ex. A, ECF No. 16-1 at 3). That motion is also fully briefed. ECF Nos. 17; 18. For the following reasons, I deny AJ's motion to remand and deny as moot Next Insurance's motion for leave to file.

**I.    Legal standard**

      "Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256

(2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). When initiating a case, "[a] plaintiff is the master of [their] complaint, and has the choice of pleading claims for relief under state or federal law (or both)." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 389–99 (1987)). Generally, plaintiffs are entitled to deference in their choice of forum. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949–50 (9th Cir. 2017). However, Congress has enacted statutes that permit parties to remove cases originally filed in state court to federal court. *See* 28 U.S.C. § 1441. Subject to certain requirements and limitations, a defendant generally may remove a case from state court to federal court where the case presents either diversity or federal question jurisdiction. 28 U.S.C. § 1441(a)–(c). Relevant to this motion, diversity jurisdiction requires: (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy to exceed $75,000. *See* 28 U.S.C. § 1332(a).

Once an action is removed to federal court, a plaintiff may challenge removal by filing a motion to remand. 28 U.S.C. § 1447(c). In order to protect the jurisdiction of state courts, the removal statute should be construed narrowly, against removal jurisdiction and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

**III.    Discussion**

It is undisputed that there is diversity of citizenship between the parties. Thus, the question is whether the amount in controversy exceeds $75,000 to enable this court to exercise diversity jurisdiction over this action.

AJ argues that remand is appropriate because defendants' notice of removal and accompanying statement for removal fails to meet the requisite burden of proof to establish diversity jurisdiction. ECF No. 11. Specifically, AJ argues that the notice for removal and statement for removal failed to demonstrate that it is facially evident from the complaint that the amount in controversy exceeds $75,000. *See generally id.* Moreover, AJ argues that removal is procedurally deficient under the "rule of unanimity" as Jacobsen did not agree to removal. *Id.* at

11 (citing *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002)). In response, Next Insurance avers that it offered to stipulate to a remand to state court if AJ agreed not to seek damages exceeding $75,000, which AJ refused to do. ECF No. 13 at 6. Next Insurance further offered proof that the estimated damage to the property in question is $156,492.00. *Id.* (citing Incident Report, Def.'s Ex. B, ECF No. 13-2 at 6). AJ replies that Next Insurance had a "duty to prove damages exceed $75,000 at the time of removal". ECF No. 15 at 2.

      In determining the amount in controversy, courts first look to the complaint. Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote omitted). The $75,000 threshold is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *See id.* at 288–89; *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). However, like in this case, when removal jurisdiction is challenged by a plaintiff, evidence establishing the amount in controversy is required. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Id.* (citation omitted). Removal is proper "'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 88.

Here, in the conclusion of the complaint, AJ prays for: (1) damages in excess of $15,000.00; (2) costs and attorney's fees; and (3) special and consequential damages and (4) punitive damages. ECF No. 1-2 at 12. While this number could potentially surpass $75,000, depending on the outcome of trial, it is not clear from the face of the complaint that it will.

However, AJ cannot play a cat-and-mouse game seeking to avoid federal jurisdiction by implicitly disclaiming that damages will exceed $75,000 while refusing to stipulate so. On December 1, 2023, Next Insurance offered to stipulate to a remand to state court if AJ agreed not to seek more than $75,000 of damages. Decl. of counsel, ECF No. 13 at 12, ¶ 5. AJ did not accept this proposal. *Id.* This entitles Next Insurance to an inference that AJ considers the amount in controversy to exceed $75,000. *See Strojnik v. Hyatt Hotels Corp.*, 2022 U.S. Dist. LEXIS 29957, at *19–20 (D. Ariz. Feb. 18, 2022) (citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) ("[A plaintiff's] refusal to admit that the combination of these recoveries would not exceed $75,000 raise[s] the reasonable inference that it would. . . . [A plaintiff] cannot benefit by playing a cat-and-mouse game, purporting to disclaim damages in excess of $75,000 but refusing to admit or stipulate that [his] damages will not exceed that amount.")); *Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) ("As the record reflects, Defendant's counsel attempted to seek an agreement with plaintiff's counsel to limit plaintiff's damages to $75,000 so as to avoid removal to federal court, . . . but plaintiff has not responded to that offer. She could easily defeat removal by simply stipulating an award of less than $75,001, but has not done so.").

Moreover, Next Insurance has provided evidence that establishes beyond a preponderance that the amount in controversy exceeds $75,000. Attached to their response in opposition to remand is the Central Lyon County Fire District's Origin and Cause Report, which states that the estimated value of loss from the fire is $156,492.00. Incident Report, Def.'s Ex. B, ECF No. 13-2 at 6. This is well above the jurisdictional threshold of $75,000. AJ's complaint that this evidence should not come in because it was not in the original removal petition is unavailing. It is true that "federal removal jurisdiction on the basis of diversity . . . is

determined (and must exist) as of the time . . . removal was effected." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted); *see also Hayes v. Johnson*, 2024 U.S. Dist. LEXIS 121431, *2–3 (D. Or. July 5, 2024) ("If the case was not originally filed in federal court, the requirements of complete diversity of citizenship and an amount in controversy exceeding $75,000 must be met at the time of removal.") (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415–17 (9th Cir. 2018)). However, this rule simply instructs that, in cases like these, the district court must determine whether diversity jurisdiction exists at the time removal was effected—*not* that defendants must present all relevant information concerning a plaintiff's claimed damages at the time of removal. *Crocker v. Sky View Christian Acad.*, 2009 U.S. Dist. LEXIS 1116, at *9–11 (D. Nev. Jan. 8, 2009) (permitting defendants to present plaintiffs' initial disclosures as evidence of expected damages). In other words, Next Insurance's incident report is appropriate because it denotes damages that existed at the time of removal, not damages which incurred after the fact.

Notwithstanding, AJ argues that remand was procedurally improper because The Jacobson Agency did not join the removal petition within the mandatory 30-day period and its joinder to Next Insurance's opposition to remand "was filed approximately 14 days too late." ECF No. 15 at 2. All proper defendants in an action must join or consent to a notice of removal. *See* 28 U.S.C. § 1446(a); *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) ("All defendants must join a notice of removal."). A defendant may join in or consent to the removal within the notice of removal or in a separate document reflecting joinder or consent. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize*, 167 F.3d at 1266.

Next Insurance affirmatively explained the absence of its co-defendant in the notice for removal, stating that: "[a]t the time we removed the case to federal court, we did not know the identity of counsel representing Jacobson. Accordingly, we were unable to obtain Jacobson's consent to the removal." ECF No. 13 at 12. Moreover, even if untimely, The Jacobson Agency has demonstrated clear consent to removal by its joinder to the opposition to remand. ECF No. 14. Thus, I find that all defendants were aligned on removal, and it is procedurally proper.

Next Insurance has met its burden to prove by a preponderance of evidence that the amount in controversy is over $75,000 and that this court thus has subject matter jurisdiction over this action. As a result, I deny AJ's motion to remand. Because I find that remand is improper on these papers, I deny as moot Next Insurance's motion for leave to file.

IV.  Conclusion

IT IS THEREFORE ORDERED that AJ's motion to remand **[ECF No. 11] is DENIED.** This action will remain before this court.

IT IS FURTHER ORDERED that Next Insurance's motion for leave to file **[ECF No. 16] is DENIED as moot**.

Dated: August 5, 2024

_____
Cristina D. Silva
United States District Judge